## Mary L. Conroy *v.* Robert B. Conroy

Superior Court      Fairfield County      File No. 14127
AT Stamford

Memorandum filed October 11, 1974

*Cummings & Lockwood,* for the plaintiff.

*Goldstein & Peck,* for the defendant.

Irving Levine, J. The defendant seeks to modify an award of alimony entered at the divorce proceedings on June 23, 1970. The award was in the amount of $1750 per month which was to be reduced to $1666.67 per month on the sale of real property. The plaintiff's remarriage on April 29, 1973, ended the requirement for further payments. The defendant has paid lesser amounts than he was required to, resulting in a total accumulated balance of $8716.70. The defendant was earning $65,984 annually at the time of the divorce, and the motion for modification sets forth that in January,

1972, the defendant lost his employment and thereafter worked only sporadically; that he earned $19,384 in 1972 and $14,868 in 1973; and that he now earns $13,000 annually. He did not move for a modification in 1972, inasmuch as he had learned that the plaintiff's health was seriously impaired. She is, however, much improved as of this date, to the extent that she has remarried. In the divorce judgment, the defendant was further required to maintain life insurance policies in the face amount of $70,000.

The plaintiff raises the issues that alimony awards may not be modified retrospectively and that a defendant in arrears cannot use the courts for a modification. Under General Statutes § 46-64b, the Dissolution of Marriage Act, General Statutes §§ 46-32 to 46-64b, is made applicable to all actions for dissolution of marriage commenced prior to the date of the act and to motions for modification of any alimony awards. General Statutes § 46-54 reads, in part, that "[u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." The statute is clear that an order of alimony may be set aside.

Section 381 of the Practice Book, entitled Modification of Alimony or Support, reads: "Upon an application for a modification of an award of alimony pendente lite, alimony or support of minor children, filed by a person who is then in arrears under the terms of such award, the court shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute

a contempt of court, and, in its discretion, may determine whether any modification shall be ordered prior to the payment, in whole or in part as the court may order, of any arrearage found to exist." Clearly this court has the jurisdiction to entertain a motion for modification unless the defendant is in contempt of court without sufficient excuse.

It is both a sufficient excuse and a substantial change of circumstances that the defendant lost his employment in January, 1972. In 1972 and 1973, the defendant earned an average of $17,126 per year, or approximately 26 percent of what he was earning at the time of the divorce. Accordingly, the arrearage of $8716.70 is modified to $2266.34, 26 percent of the accumulated amount under the original order.

The defendant is found in arrears in the amount of $2266.34 and is ordered to pay that amount at the rate of $200 per month until the full amount is paid. The order for maintenance of the life insurance policies is vacated. Judgment may enter accordingly.