ANNETTE KAPLAN *v.* ZDENEK D. KAPLAN
(4220)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 7—decision released July 8, 1986

*Daniel V. Presnick,* for the appellant (defendant).

*E. Arthur Morin, Jr.,* for the appellee (plaintiff).

BORDEN, J. The defendant appeals from the trial court's denial of his motion to modify a judgment of dissolution of marriage rendered in 1975. The sole issue

involves the circumstances under which a court may modify a judgment, which is silent on the issue of child support, in order to award support in favor of the custodial parent, in the absence of a showing of a substantial and unforeseen change in circumstances. The court denied the motion because the defendant failed to establish such a change of circumstances. Under the facts and circumstances of this case, we find error.

The facts are undisputed. The parties married in 1969. In February, 1975, the plaintiff brought a dissolution of marriage action through counsel. The sole minor child of the party was then nearly six years old. The defendant appeared pro se. In June, 1975, the parties executed a written stipulation that their marriage had broken down irretrievably, that the defendant would have custody of their minor child, subject to the reasonable right of visitation in the plaintiff, and that there be no alimony. The stipulation did not mention child support. The minor child was unrepresented by counsel. The judgment of dissolution, dated July 1, 1975, recited that "the plaintiff appeared to prosecute said complaint, but the defendant appeared but offer[ed] no evidence and joined in a stipulation which was read and approved by the Court." The judgment dissolved the marriage and awarded custody of the child to the defendant subject to the right of reasonable visitation in the plaintiff. The judgment was silent as to support for the child. Neither party filed a financial affidavit.

In February, 1985, the defendant moved to modify the judgment to order the plaintiff to pay him $100 per week as child support. The defendant in this case also brought a separate action against the plaintiff in this case for support of the child. The court on its own motion consolidated that action with the defendant's motion for modification in this case. Although the record reflects that only the defendant filed a financial affi-

davit at the hearing on the motion for modification in this case, it also reflects such affidavits filed by both parties in the separate support action which was consolidated with this case. Those affidavits indicate that, at the time of the hearing in this case, the defendant had net weekly earnings of approximately $530 and that the plaintiff had net weekly earnings of approximately $344.[1]

In May, 1985, the trial court denied the motion for modification because, in the absence of affidavits disclosing the financial condition of the parties at the time of the dissolution in July, 1975, the court could not determine whether there had been a substantial and unforeseen change of circumstances since that time. This denial was, however, without prejudice to the defendant to renew his motion upon presentation of such affidavits. Two weeks later the parties reappeared before the court, and the defendant represented that he was unable to reconstruct his records to disclose his financial situation in July, 1975. The defendant, in order to ensure that the matter would be appealable, requested the court to enter its order with prejudice. The court did so, and this appeal followed.

We recognize the general rule "that an order for support of children may not be modified unless there has been a 'substantial change of circumstances' after the issuance of the original order. General Statutes § 46b-86 (a); *Bozzi* v. *Bozzi,* 177 Conn. 232, 237, 413 A.2d 834 (1979). The party seeking modification must 'clearly and definitely' demonstrate a substantial

---

[1] The defendant, at oral argument in this court, appeared to claim that he was also appealing from the denial by the trial court of his separate application for support. It is clear from the record, however, that no such separate appeal is before us. The only trial court order appealed from in this record is in the dissolution matter, the defendant's appeal refers only to that order, and his brief discusses only that order. We therefore confine our decision to the denial of the motion to modify the judgment of dissolution.

change in circumstances which was uncontemplated at the time the order was entered. *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982)." *Rempt* v. *Rempt,* 5 Conn. App. 85, 88, 496 A.2d 988 (1985). Ordinarily, such a change of circumstances would be established by comparing the financial affidavits filed at the time of the hearing on the motion to modify with those filed at the time of the previous order, and by any other evidence adduced on the issue. Ordinarily, also, the failure of the moving party to produce, either by reference to the trial court file or otherwise, the material necessary to this determination by the court would be fatal to his claim. A constellation of reasons, however, leads us to conclude that in this case the defendant's failure to do so was not fatal, and that the court should have held a hearing on the defendant's motion without reference to what may have been the financial circumstances of the parties at the time of the original judgment.

First, the language of the governing statute does not preclude such a hearing under all circumstances. General Statutes § 46b-86 (a) provides, in pertinent part, that "any final order for the periodic payment of . . . support . . . may at any time thereafter be . . . altered or modified by said court upon a showing of a substantial change in the circumstances of either party." Strictly speaking, the original judgment here did not contain an order for the periodic payment of support. It was silent on that issue.[2]

Second, the defendant appeared pro se at the time of the original judgment. He should not be held, nearly

---

[2] We do not suggest, however, that such silence alone will always permit the inquiry which we order in this case. Situations are easily conceivable where the judgment may be silent, but the manner in which the case is presented to the court indicates that subsequent modification must be based on the general rule requiring an unforeseen substantial change in circumstances.

ten years later, to a level of knowledge of the requirement of our rules, even then, that the parties file appropriate financial affidavits. See Practice Book, 1963, § 380.[3] This is particularly true where, as here, neither the plaintiff's counsel nor the court was prescient enough to foresee this problem and require that affidavits be filed.

Third, the original judgment was the product of a stipulation. It must, therefore, be interpreted in accordance with principles of contract law. *Guille* v. *Guille,* 196 Conn. 260, 265, 492 A.2d 175 (1985). This requires an inquiry into the intent of the parties at that time. *Marsico* v. *Marsico,* 195 Conn. 491, 493, 488 A.2d 1248 (1985). We cannot conceive that, by agreeing that the custody of the minor child should be with his father subject to the right of reasonable visitation in his mother, where neither party filed a financial affidavit, and where their stipulation did not address the issue of support, the parties intended that the issue of support for

---

[3] Practice Book, 1963, § 380, as amended to take effect October 1, 1974, provided in pertinent part that "[i]n any . . . family relations matter concerning . . . support . . . every party who has appeared shall, before the hearing, file, with the court and with any opposing party who has appeared, sworn statements . . . of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income." Arguably, this section did not apply because the stipulation and judgment in this case did not provide for support. To the extent, however, that their silence is read as an order of *no support,* as the plaintiff argues, rather than as not dealing with the issue of support at all, as the defendant argues, this section did apply.

The current rule makes it clear that the requirement of filing financial affidavits applies whenever a dissolution case is claimed for a hearing. "At the time . . . a dissolution of marriage . . . action is claimed for a hearing, the moving party shall file a sworn statement . . . of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income. The opposing party shall file such sworn statements at least three days before the date of the hearing . . . ." Practice Book § 463. This rule is not confined by its terms to cases in which a support order is sought. Under this rule, therefore, it is unlikely that the procedural dilemma which this case presents would occur.

the child could not be reexamined ten years later, when the evidence of their prior financial circumstances would be unavailable.

Fourth, the passage of ten years renders compelling the defendant's claim that he could not adequately reconstruct his financial condition to reflect its status in 1975. It would be the rare individual record keeper who could do so with reasonable accuracy.

Fifth, the child was unrepresented at the time of the original judgment. Thus his separate interest in a future modification was not provided for at that time. See *Guille* v. *Guille,* supra. *Guille* counsels that courts should be very chary of reading judgments in a way which "would permanently restrict the unrepresented children's rights . . . ." Id., 268.

We do not decide that any one or more of these factors would permit a modification in the absence of a showing of a substantial and unforeseen change of circumstances. We decide only that the coalescence of all these factors in this case should permit the court to consider the issue of support at this time.

There is error, the order denying the defendant's motion to modify the judgment is set aside and the case is remanded for a new hearing on that motion consistent with this opinion.

In this opinion the other judges concurred.