[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 47 year old plaintiff wife has brought this action against the 50 year old defendant husband seeking a dissolution of their marriage that occurred on January 9, 1965 at Waterbury, Connecticut. There are three minor children issue of the marriage:
Brett Buckley, born December 16, 1973
Brenda Buckley, born June 30, 1978
and Brian Buckley, born August 18, 1982.
The plaintiff is employed as a legal secretary. The defendant is unemployed and has been for over one year.
The problem present in this case is providing for child support;
A minor child in need of support must be maintained by both parents according to their respective abilities. This continues to be the common law rule as applied to divorced parents, Castagnola v. Fatool, 136 Conn. 462, and the more recent statutory amendments have not altered the common law rule, Guille v. Guille,196 Conn. 260). In an appropriate situation, the non-custodial parent's assets may be secured as allowed by 46G-84(d), C.G.S. in order to provide child support.
The court, having heard the evidence in light of the CT Page 3169 statutory criteria, enters the following decree:
1. A decree is entered dissolving the marriage of the parties on the ground of irretrievable breakdown.
2. Joint legal custody is ordered, as agreed upon by the parties, with physical custody awarded to the plaintiff and the defendant given reasonable visitation rights.
3. The court finds that the defendant has no income at present and no evidence that he is refusing to accept available work so the court cannot apply the "earning capacity" test to arrive at a child support order to be paid out of defendant's earnings.
4. No periodic alimony is awarded.
5. The plaintiff is awarded sole ownership of and exclusive possession the real estate known as 57 Beecher Avenue, Waterbury, Connecticut along with its contents.
6. In order to provide child support the court orders the real estate known as 39 Earl Street, Waterbury, Connecticut to be sold, on such terms as the parties may agree, and the net proceeds to be placed in trust with a local trust company, to enable the trustee to invest the corpus and to pay the income therefrom along with such invasions of corpus as may be necessary to be able to pay to the custodial parent the sum of $50.00 weekly child support for each m, nor child.
Either party may move for articulation of this order if the parties cannot agree as to any particulars.
In order to further fund the trust the parties shall transfer the Woodbury Telephone stock to the trustee.
If not sooner exhausted, the trust shall terminate upon the youngest minor child attaining 18 years of age, and the trustee shall deliver 50% of the remaining corpus to each party.
The child support order shall be subject to modification upon court order.
7. The plaintiff shall retain the common stocks that are in her name alone, and the court assigns the remaining two jointly held stocks to plaintiff to be her sole property.
8. As they mature the three joint account CD's listed on the plaintiff's affidavit shall be divided equally between the parties. The court assigns the remaining two joint bank accounts CT Page 3170 to the plaintiff. The plaintiff shall retain her IRA.
9. The 1977 Dodge Aspen auto is assigned to the plaintiff.
10. The plaintiff shall be solely responsible for the debts listed on her financial affidavit and shall hold the defendant harmless.
11. The defendant shall be solely responsible for all debts he has incurred in his name and shall hold the plaintiff harmless.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.