[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE PLAINTIFF'S MOTION FOR MODIFICATION (#132)
The parties' marriage was dissolved by judgment entered October 17, 1980. There remains one child of the marriage, Carlton J., born October 22, 1978 for which the defendant has been paying $40 weekly since 1984. There is also presently pending the defendant's motion for modification (#129) of custody.
Both parties have remarried. The defendant has fathered two more children born to his present wife. The plaintiff is not employed for wages, listing her occupation as "Homemaker". The defendant's current spouse earns about $400 weekly which can be considered in evaluating the expenses of defendant's household, McGuinness v. McGuinness, 185 Conn. 7. Since each child has an independent right to support from both parents, each of defendant's three children have equal right to support due from the defendant, Guille, v. Guille, 196 Conn. 260. Such circumstances make a mechanical application of the Connecticut Child Support Guidelines impossible as recognized by "(G) needs of other dependents" under Deviation Criteria. CT Page 10344
Further, the court is satisfied that the defendant's statement of income on his initial affidavit was correct but failed to indicate that, as a self-employed carpenter, he also experienced substantial periods of no income during the last year. Using his stated net income of $317, allowing $135 for his own support, and dividing the remaining $182 by his three children, an equitable sum for child support is found to be $62 for Carlton.
The plaintiff's motion is granted and the defendant is ordered to pay $62 weekly child support through the Support Enforcement Unit. This order is effective as of September 9, 1991. The defendant shall pay on the arrears the sum of $13 weekly until paid.
HARRIGAN, J.