[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE DEFENDANT'S MOTION TO MODIFY CHILD SUPPORT (#136)
The parties' marriage was dissolved by decree entered October 26, 1977. Custody of the one minor child, who is now 16 years old, was awarded to the defendant.
On February 9, 1981, the child support was modified to $50 weekly, which has remained the order in effect to date. The affidavits filed with the court in February, 1981 state $249 net weekly income for the plaintiff and $177.43 net weekly income for the defendant. CT Page 10355
Since 1977, the plaintiff has remarried and has become the father of two additional children, 9 and 7 years of age. The defendant has also remarried and has become the mother of one additional child, 7 years of age.
The plaintiff's current net weekly income is $556. The defendant's current net income is $545.84 after adding back $63.46 savings deducted and $38.75 401(k) deducted, as on her financial affidavit. The defendant also claims the parties' minor child as a dependent exemption for income tax purposes, (Plaintiff's Exhibit D, 1990 tax return).
The court concludes that the parties' net disposable income can be treated as equal.
The basic flaw in the defendant's argument that
 ". . . a new family was a `luxury' that you should not have, if you could not afford it."
fails to recognize current Connecticut law that holds every child has a right to support by each parent according to their respective abilities. Guille v. Guille, 196 Conn. 260. Therefore, all three of the plaintiff's children have equal right to support by plaintiff. The Connecticut Child Support Guidelines, (a) General Principles (3) Deviation Criteria (G) needs of other dependents recognizes this principle of law.
The combined net disposable income of the parties is $1,100. After adjusting the percentage to 43.1% to acknowledge two children under 11 and one over 11 years of age, the obligation is $475 for three children, and plaintiff's 50% share is $237.50. If no allowance is made for the age difference, then the amount is $79.16 per child. Some allowance is made by the guidelines for the economic fact that as children get older, more family income is spent on them. Therefore, the court rounds the figure to $85 weekly as the proper amount that the plaintiff should be paying for support of his oldest son.
ORDERED, the defendant's motion is granted and child support is modified to $85 weekly, effective as of September 20, 1991 which was the Friday after the filing of the final brief. The accumulated arrears created by the retroactive nature of this order shall be paid $5 weekly. A wage withholding is ordered pursuant to Section 52-362(b), Connecticut General Statutes and, since the plaintiff has paid for many years without problem, the court finds this good cause to make it contingent. CT Page 10356
HARRIGAN, J.