[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Connecticut brought this action appealing the decision of the Family Support Magistrate granting defendant's motion to dismiss the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) petition CT Page 781 brought on behalf of Mr. Dumproff. Mr. Dumproff and Ms. Crenshaw were divorced in Montana in 1982. Custody of the two minor children of the parties was awarded to petitioner Dumproff. The judgment of dissolution made no provision for child support and, finding a custody and property settlement agreement of the parties not unconscionable, approved that agreement and incorporated it by reference in the court's decree. That agreement by its terms, was non-modifiable "insofar as is legally permissible." The Magistrate granted respondent's motion on the grounds that Ms. Crenshaw had no duty to support the children under the terms of the Montana judgment and therefore the family support magistrate had no jurisdiction to order support.
Petitioner argues that Conn. Gen. Stat. 46b-184 provides that respondent's obligation to support the children is to be determined by Connecticut law for the period during which she is present in Connecticut. In Guille v. Guille, 196 Conn. 260 (1985) the Supreme Court held that a broadly worded nonmodifiability provision in a divorce decree was ineffective to restrict permanently the court's power to modify child support especially when the children were unrepresented. The common law rule rendered contracts between parents regarding child support ineffective to limit the children's right to parental support. 196 Conn. at 266. Our courts have noted a legislative preference favoring modifiability of orders for support. Thus provisions precluding modification must be clear and unambiguous. Lilley v. Lilley, 6 Conn. App. 253,255 (1986). Under Connecticut law, the failure of the judgment to mention anything at all about child support renders the provision of the agreement regarding non-modifiability ambiguous.
Respondent argues that allowing petitioner to maintain this action unconstitutionally restricts her constitutional right to travel. She cites Jacobson v. Massachusetts, 197 U.S. 11, 49 L.Ed. 643 (1905) for the proposition that such would be the result. Jacobson involved a claim that the Massachusetts law providing a penalty for refusing or failing to be vaccinated against smallpox was unconstitutional. Writing for the court, Justice Harlan noted that, while the liberty, secured by the Fourteenth Amendment "consists, in part, in the right of a person `to live and work where he will'. . .," that right is subject to reasonable regulations established to protect the public against danger. 197 U.S. at 29. (citation omitted). Respondent argues that application of Connecticut law under Conn. Gen. Stat. 46b-184 would force her to remain in Montana for only there would she be free of an obligation to support her children. The Supreme Court in Shapiro v. Thompson, 394 U.S. 618, 22 L.Ed.2d 600
(1959) reiterated that the right to travel throughout the country uninhibited by unreasonable burdens or restrictions is fundamental to our concepts of personal liberty. The Shapiro court held that classifications serving to penalize the exercise of a fundamental right are unconstitutional unless shown to be necessary to promote a compelling governmental interest. 394 U.S. at 634.
Unlike the one year residency requirement at issue in Shapiro, CT Page 782 URESA puts no burden on travel and draws no invidious distinctions. Conn. Gen. Stat. 46b-184 is a choice of law provision making applicable the law of the state where the obligor was present during the period for which support was sought. Conn. Gen. Stat. 46b-182 states that duties of support "arising under the law of this state, when applicable under section 46b-184, bind the obligor, present in this state. . . ." That provision treats all obligors present in Connecticut the same no matter whether long time residents or newcomers. Choice of law provisions for URESA no more impermissibly burden the right to travel than do similar choice of law provisions applicable to tort actions. See O'Connor v. O'Connor, 201 Conn. 632 (1986).
The decision of the family support magistrate is reversed and the matter remanded to him for hearing on petitioner's application for support.,
SUSCO, J.