[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY JUDGMENT
DATED SEPTEMBER 23, 1993
The plaintiff seeks to modify both child support and visitation as set forth by a judgment of the court dated August 3, 1988.
The court, after hearing, made a slight change in the visitation rights of the parties and reserved its decision regarding the plaintiff's request to modify the order of child support. Both parties have submitted briefs to the court regarding whether or not as a matter of law the court could modify the current support order.
The basic facts are not in dispute. The original language of the judgment decree provided:
 "The defendant husband shall not have the right to seek a decrease of said child support payments based upon his inability to CT Page 887 earn less than $3,000.00 per week gross nor shall the plaintiff wife be entitled to seek an increase on the basis of the defendant husband's increased income unless the same exceeds $3,000.00 per week gross. Nothing herein shall preclude modification on any other statutory basis." (Emphasis provided).
In this case, as pointed out by defense counsel, the non-modifiable provision was very specific with dollar amounts clearly spelled out and with the non-modifiability provision likewise stating clearly with both parties indicating their understanding and acceptance of the provision. Defense counsel also points out that the minor children were represented by separate counsel who was a party to the agreement and the agreement was negotiated with the assistance of a judge of the Superior Court.
Citing the case of Guille v. Guille, 196 Conn. 260
(1985), the Supreme Court stated that the agreement was not binding as to the minor children "who were unrepresented during both the negotiation of the stipulation and the dissolution proceedings."
Since the children are represented in this case the defendant argues the support is not modifiable as provided by the terms of the decree.
The plaintiff argues that the court does have the power to modify child support in accordance with the Guidelines unless the defendant father satisfies his burden of proving that the imposition of the order would be inequitable or inappropriate. Turner v. Turner, 219 Conn. 703, 720 (1991).
As the plaintiff points out, minor children have a right to parental support that is independent, separate and apart from the terms of a dissolution Judgment and the children's right to support from their father is not effected by an agreement between their parents but is, in fact, controlled by the statutory guidelines adopted after the granting of the dissolution.
The claim of the plaintiff that regardless of the dissolution decree the adoption of statutory guidelines opens a CT Page 888 way for revision of support orders is well taken. In Turner v. Turner, supra, 703, the court reviewed the short history of the guidelines since they were adopted. It cannot now be argued that support orders are cut in stone and not subject to modification. Children have rights independent of parental obligations and cannot be barred from coming forth to seek guideline enforcement subject, however, to whatever conditions were created at the time of the original decree.
A further hearing must be scheduled to determine if such a modification is appropriate at this time.
The court does have the power to modify the child support if the plaintiff sustains her burden of proof.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT