[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated June 16, 1997
The parties' marriage was dissolved on May 28, 1993 and orders entered pursuant to a signed separation agreement. On May 20, 1996 the defendant filed a motion for modification alleging a substantial decrease in his earnings from his insurance business. He sought a reduction in the orders of periodic alimony, child support and home loan obligations. The court held two days of evidentiary hearings. The parties have since reached an agreement resolving the outstanding issues. The agreement is in writing signed by both parties and the attorney for the minor children. The stipulation provides for a reduced order of periodic alimony and modifies both the May 28, 1993 separation agreement and the court order based upon that separation agreement.
The stipulation also modifies child support. The following terms regarding nonmodifiability of child support are contained in the stipulation.
 4.3 Child support shall not reduce or terminate because of the attainment of the age of majority by any of the parties' three children.
 4.4 Child support shall not reduce or terminate because of the death of any of the parties' three children.
 4.5 Child support shall not reduce or terminate because any of the parties' three children cease to principally reside with the plaintiff.
 4.6 Child support shall not increase, reduce or terminate as a result of any change in the financial circumstances of the plaintiff or the defendant and the parties shall request that the Court expressly provide that the term and the amount of support be non-modifiable.
The issue raised by this stipulation for modification is: "Does the court have the authority to order non-modifiable child support?" CT Page 6929
DISCUSSION OF LAW
The court's authority to modify child support and alimony is statutory.
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a. . .
Connecticut General Statutes § 46b-86(a).
By using the separate words "alimony" and "support", it is clear that "support" is not periodic alimony. No other statute authorizes modification of child support. The legislature has amended the statute a number of times reflecting the effect of child support guidelines. P.A. 90-188, P.A. 90-123, P.A. 91-76.
Although the legislature should have consistently used either the word "support" or the phrase "child support" in C.G.S. Section 46b-86(a), the word "support" and the phrase "child support" mean the same thing; support payments for a child, not periodic alimony.
The predecessor to C.G.S. Section 46b-84(a), C.G.S. § 46-54, also contained the words "alimony" and "support". Prior to 1974 the legislature added the phrase to C.G.S. Section 46b-84(a) "unless and to the extent that the decree precludes modification". Conroy v. Conroy, 32 Conn. Sup. 92,93 (1974). Until that statutory addition, the court had no power to enter non-modifiable periodic orders, be it periodic alimony or child support. By inserting the phrase at the beginning of the statute, the legislature intended that the following orders can be declared non-modifiable; "any final order for the periodic payment of permanent alimony or support.". When a statute is clear and unambiguous, the plain meaning of the statute shall control and there is no need to further determine legislative CT Page 6930 intent. The child support statute's plain meaning is that child support can be ordered non-modifiable providing the decree precludes modification. C.G.S. Section 46b-84(a).
This interpretation of the statute, that parties can agree to nonmodifiable child support, conflicts with well established common-law. "The ultimate responsibility for determining and protecting the best interests of children in family disputes rests with the trial court and not with the parties to a dissolution action.". . . "This judicial responsibility cannot be delegated, nor can the parties abrogate it by agreement." Mastersv. Masters, 201 Conn. 50, 64 (1986).
The Supreme Court visited the subject of parents agreeing to non-modifiable child support in 1985. "Although the 1976 stipulation and judgment may have been effective to define permanently the support obligations of the divorcing parties as between themselves, neither their agreement nor the court's decree can be held binding as to their minor children, who were unrepresented during both the negotiation of the stipulation and the dissolution proceedings." Guille v. Guille, 196 Conn. 260,267 (1985). "It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." Costello v.Costello, 186 Conn. 773, 776-77 (1982).
Guille contained a provision that made child support permanently nonmodifiable. At the time of the order precluding modification, the children had not been represented by counsel of record, appointed to protect their interests. Guille held that "since the court was without power to enter an order that would permanently restrict the unrepresented children's rights, it was not error, upon a motion by the children, to open the 1976 divorce judgment and delete the provision purporting to preclude modification of child support and custody." Guille v. Guille,supra 268.
Guille was followed by two Supreme Court decisions. "This court has only recently held that 46b-86(a), which permits a divorce decree to contain a nonmodification clause, was not intended to change the common law rule that precluded divorcing parents from enforcing contractual limits upon their children's ongoing right to parental support." Jones v. Jones, CT Page 6931199 Conn. 287, 291 (1986). "It is well established that a parent cannot, at least without court approval, contract away her obligation of support for minor children." Favrow v. Vargas, 231 Conn. 1, 22
(1994).
The Appellate Court in dicta held that Guille v. Guille
authorizes the nonmodifiability of child support. "The child was unrepresented at the time of the original judgment. Thus, his separate interest in a future modification was not provided for at that time. See Guille v. Guille, supra. Guille counsels that courts should be very chary of reading judgments in a way which would permanently restrict the unrepresented children's rights. . . . Id., 268." Kaplan v. Kaplan, 8 Conn. 114, 119
(1986).
Higgins v. Higgins, 1994 Ct. Sup. 886, 11 CONN. L. RPTR. 51, January 26, 1994 (Jackaway, J.) considered a 1988 judgment decree that provided, "The defendant husband shall not have the right to seek a decrease of said child support payments based upon his inability to earn less than $3,000.00 per week gross nor shall the plaintiff wife be entitled to seek an increase on the basis of the defendant husband's increased income unless the same exceeds $3,000.00 per week gross. Nothing herein shall preclude modification on any other statutory basis." The 1994 issue was whether the court had the power to hear a motion for modification of child support filed by the plaintiff mother. The trial court, after receiving briefs on this matter, held that it did have the power to modify child support. The court acknowledged that Guillev. Guille permitted non-modifiable orders of child support provided the minor children were represented by counsel of record. The 1988 decree did not out right preclude modification of child support but limited the conditions upon which modification could be based. The minor children were represented by separate counsel in the 1988 decree. The court acknowledged that whatever modification order must be "subject, however, to whatever conditions were created at the time of the original decree." Higgins v. Higgins, supra.
CONCLUSION
The stipulation on file is dated March 19, 1997. This court reviewed the stipulation in open court in the presence of the parents including the provisions for the nonmodifiability of child support. At the time of the review in open court the minor children were not represented by counsel. Since that date counsel CT Page 6932 of record has been appointed for the minor children. Counsel for the minor children has reviewed the stipulation, the circumstances of the parties, the financial affidavits and the entire file. On May 14, 1997 counsel for the minor children wrote a letter stating "I have reviewed the Stipulation Re: Modification Agreement, dated March 19, 1997, and am in accordance with the provisions as outlined. It appears that the interests of the minor children are safeguarded, and I have no objection to you presenting it to the Court." This letter was written by counsel for the minor children to the attorney for the moving party, the defendant husband.
The stipulation now contains the signatures of the plaintiff, the defendant as well as the attorneys for the plaintiff, defendant and minor children.
This court concludes that it has the authority to enter nonmodifiable child support. Not only were the minor children represented by counsel, they were parties to both the negotiation and the agreement. Guille v. Guille, supra 267.
The court enters orders in accordance with the Stipulation Re: Modification Agreement signed by all the parties dated March 19, 1997.
TIERNEY, J.