[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties to this action was dissolved on October 26, 1995. The parties agreed at that time that they would share joint custody of their two children, whose primary residence would be with the plaintiff mother. They further agreed that the defendant would pay the plaintiff unallocated alimony and child support in the amount of $650 per week for a period of five years, after which time the defendant would pay child support only. It was agreed by the parties that the payment of unallocated alimony and child support was non modifiable as to term and amount. The court incorporated all of these terms of the parties' agreement into the dissolution judgment.
The motion before the court at present is the defendant's motion for an order of child support from the plaintiff mother. This motion was filed after a series of unanticipated events. In May, 1997, the court awarded temporary physical custody of the children to the defendant and the children have resided with the defendant at all times since. In February, 1998, the court held the defendant in contempt, finding that there was an arrearage of $7885 in his payments of unallocated alimony and child support. Since then the defendant's income has decreased because CT Page 8024 of a change in his employment status. His current gross weekly income is $625, which is less than the $650 weekly amount of unallocated alimony and child support that he is obligated to pay.
At the hearing on the defendant's motion for support, the defendant's counsel explained that he filed the motion for support because of the nonmodifiability of the order for unallocated alimony and child support. The premise that no modification can be made of the unallocated order is incorrect, however. The child support component of the unallocated alimony and child support payment is modifiable.
General Statutes § 46b-86(a) permits the court to make any order for alimony or child support nonmodifiable. In Guillev. Guille, 196 Conn. 260 (1985), however, the Supreme Court held that the statute does not restrict the court's power to modify child support. The court rejected the contention that parents, by agreement and in reliance on General Statutes § 46b-86 (a), can preclude modification of a child support order. Id., 265. Citing Guille, the Appellate Court held in Rempt v. Rempt,5 Conn. App. 85, 89 (1985), that the child support portion of an unallocated award of alimony and child support can be modified despite a provision in the divorce decree that the unallocated order was not modifiable as to term or amount.
Clearly, the child support portion of the unallocated award in the present case is modifiable. The change in the children's place of residence from the plaintiff to the defendant appears to be a substantial change in circumstances that would warrant modification. Modification of the current order appears to the court to be a more direct and a more appropriate way to address the changes which have occurred since the date of dissolution rather than ruling on the defendant's motion for support. The defendant's motion for support is therefore denied.
VERTEFEUILLE, J.