[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
On April 19, 2001, the pro se plaintiff tiled a motion to reopen and modify the dissolution judgment. In her modification motion, the plaintiff requested sole custody of the minor child, a change in the defendant's visitation schedule and an increase in the amount of the child support to be paid to her by the defendant. At the time of the dissolution in 1998, both the plaintiff and the defendant were represented by counsel. Both parties are now representing themselves. It appears from a review of the court's file that the minor child has never been represented by counsel in this proceeding.
Several hearings have been held on the motion by the court, and the court has entered various orders with respect to custody and visitation. At a hearing before the undersigned on October 10, 2001, the issue of child support was addressed. Each party submitted a financial affidavit and the defendant provided a copy of his wage stub for a weekend drill with the Connecticut Army National Guard. A child support guideline form was not submitted. The plaintiff argued for an increase in support. The defendant argued that the dissolution agreement, which was incorporated CT Page 14007 by the court into the original dissolution decree, contained a provision that child support was to be nonmodifiable for a specified period of time. At the conclusion of the hearing on October 10, 2001, the court "took the papers" and indicated that it would render a written decision with respect to the contested modification motion.
The undersigned has reviewed the court file with respect to this case. The court notes that there have been several prior proceedings with respect to child support before the Family Magistrate Division of this court, and that child support has been collected from the defendant pursuant to the provisions of Title IV D. Accordingly, the court believes that the issue of modification should be determined at a hearing de novo before the Family Support Magistrate.
Without deciding the issue of whether or not the child support, provision of the dissolution decree is modifiable, the court notes that it appears that the minor child was unrepresented at the time or dissolution. The court refers the parties to the case of Guille v.Guille, 196 Conn. 260 (1985).
The court on its own motion remands the outstanding motion formodification of child support to the Family Magistrate for hearing denovo on November 16, 2001 at 10:00 am. in Room 115 of the SuperiorCourt, 95 Washington Street in Hartford. Both parties are ordered to bepresent at said hearing at that time, and to bring current financialaffidavits, completed child support guideline worksheets, and wagestatements for the last 13 weeks from all employment with them to saidhearing.
 BY THE COURT: Dyer, J.