CHARLOTTE MALPESO *v.* PASQUALE J. MALPESO
(AC 33858)

Beach, Alvord and Borden, Js.

Argued December 6, 2012—officially released February 19, 2013

*Barbara M. Schellenberg*, with whom, on the brief, was *Richard L. Albrecht*, for the appellant (defendant).

*Charles T. Busek*, with whom, on the brief, was *Bettina Grob*, for the appellee (plaintiff).

*Elizabeth T. Sharpe*, for the minor children.

*Opinion*

BEACH, J. In this postjudgment marital dissolution matter, the defendant, Pasquale J. Malpeso, appeals from the judgment of the trial court sustaining in part the objection filed by the plaintiff, Charlotte Malpeso, to the defendant's motion for modification of child support that sought to decrease the amount of alimony and child support to be paid to the plaintiff under the separation agreement. We reverse the judgment of the trial court.

The trial court rendered a judgment of dissolution of marriage in June, 2004, which incorporated the parties' separation agreement (agreement). Article 3 of the agreement was entitled "Alimony *and Child Support*." (Emphasis added.) Paragraph 3.1 of the agreement provided in relevant part: "During the lifetime of the [defendant] until the death, remarriage or cohabitation of the

[plaintiff], whichever event shall first occur, the [defendant] shall pay to the [plaintiff] as alimony, or separate maintenance for the support of the minor children the sum of $20,000 per month." Paragraph 3.2 provided in relevant part: "The amount and term of *alimony* shall be modifiable only under the following circumstances: (a) Upon a court of competent jurisdiction's determination that the [defendant] has become disabled as defined by the Social Security Administration or in the event that the economy of New York State undergoes a substantial change as a result of a catastrophic event (such as 9/11) . . . (b) After July 1, 2012, upon a court of competent jurisdiction's determination that there has been a substantial change of circumstances as provided for in . . . General Statutes § 46b-84a [and] . . . (d) Only under the circumstances set forth in this paragraph 3.3 shall the [defendant's] obligation to pay alimony pursuant to paragraph 3.1 be modifiable during the first eight years." (Emphasis added.) Paragraph 3.3 provided: "The parties shall endeavor to negotiate child support if alimony terminates while any child or children are minors. If they are unable to agree, the amount of child support to be paid by the [defendant] shall be determined by a *court of competent jurisdiction*. Child support payments shall be retroactive to the last day on which alimony was paid."

After the defendant filed a motion to modify child support, to which the plaintiff objected, in August, 2011, the defendant filed an amended motion for modification of alimony and child support on the following grounds: (1) the parties' two youngest children had reached the age of majority and had graduated from high school; and (2) the economy of New York had undergone a substantial change as a result of a catastrophic event.[1]

---

[1] The defendant represents in his brief to this court that this ground had been withdrawn. This ground is not at issue in this appeal.

Following a hearing, the court determined that the language in article 3 of the agreement was clear and unambiguous and that the amount of monthly alimony *and child support* could be modified only pursuant to the terms of paragraph 3.2. The court determined that the only rationale for modification that was permissible under the terms of paragraph 3.2 was a substantial change in the economy of New York due to a catastrophic event. The court, therefore, sustained the plaintiff's objection as to all other grounds for modification. This appeal followed.

The defendant argues that the court erred in concluding that the agreement precludes modification. He argues that the agreement lacks clear language precluding modification of child support and thus should be interpreted to permit modification.[2] We agree.

General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . ." Our Supreme Court has interpreted § 46b-86 (a) generally "to [provide] the trial court with continuing jurisdiction to modify support orders after the date of a final judgment of dissolution. . . . It permits the court to modify alimony and child support orders if the circumstances demonstrate that: (1) either of the parties' circumstances have substantially changed; or (2) the final order of child support substantially deviates from the child support guidelines. The statute, however,

___

[2] The plaintiff's two page brief advanced no discernable argument in opposition.

expressly stipulates that the court may exercise this authority [u]nless and to the extent that the decree precludes modification . . . . Thus, by its terms, § 46b-86 (a) clearly contemplates that, in certain cases, the parties can, by agreement, restrict the trial court's power to modify alimony or support even when a substantial change in circumstances or a substantial deviation from the child support guidelines has occurred."[3] (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 547–48, 46 A.3d 112 (2012).

"Despite the language of . . . § 46b-86 (a), [our Supreme Court has] treated ambiguous orders regarding alimony to be modifiable. . . . This presumption favoring modifiability should apply with equal if not greater force with respect to orders for child support, given the broad grant of power to make and modify child support orders expressed in General Statutes § 46b-56. Thus, although . . . § 46b-86 (a) does permit a court to limit or preclude modification of support in a divorce decree, it must express its intention to do so in clear and unambiguous terms." (Citations omitted.) *Guille* v. *Guille*,196 Conn. 260, 268 n.2, 492 A.2d 175 (1985).

"It is well established that a separation agreement, incorporated by reference into a judgment of dissolution, is to be regarded and construed as a contract.

[3] Our Supreme Court has recognized some restrictions on provisions providing for nonmodification of child support. See *Guille* v. *Guille*, 196 Conn. 260, 266, 492 A.2d 175 (1985) (in enacting § 46b-86 [a], legislature did not intend to depart from common-law rule rendering contracts between parents regarding child support ineffective to limit children's right to parental support); *Favrow* v. *Vargas*, 231 Conn. 1, 22, 647 A.2d 731 (1994) ("a parent cannot, at least without court approval, contract away [his or] her obligation of support for minor children"); *Tomlinson* v. *Tomlinson*, supra, 305 Conn. 546 (facially nonmodifiable child support order modifiable due to change in custody of minor children). These restrictions are not at issue in this case because the agreement does not contain a clear provision providing for nonmodifiable child support.

. . . Accordingly, our review of a trial court's interpretation of a separation agreement is guided by the general principles governing the construction of contracts. . . . A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . If a contract is unambiguous within its four corners, the determination of what the parties intended by their contractual commitments is a question of law. . . . When the language of a contract is ambiguous, [however] the determination of the parties' intent is a question of fact, and the trial court's interpretation is subject to reversal on appeal only if it is clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Remillard* v. *Remillard*, 297 Conn. 345, 354–55, 999 A.2d 713 (2010). Because a determination as to whether a contract is ambiguous is a question of law, our review is plenary. See *Electric Cable Compounds, Inc.* v. *Seymour*, 95 Conn. App. 523, 529, 897 A.2d 146 (2006).

Paragraph 3.1 of the agreement provides that until certain conditions are met, the defendant shall pay the plaintiff $20,000 per month "as alimony, or separate maintenance for the support of the minor children . . . ." The only plausible interpretation of this clause is that it provides for unallocated alimony and child support. Paragraph 3.2 expressly limits only the modifiability of alimony. The agreement is silent as to the modifiability of child support. In light of the presumption favoring the modifiability of child support; see *Guille* v. *Guille*, supra, 196 Conn. 268 n.2; the agreement must be construed to permit the modification of child support. Accordingly, we must reverse the trial court's judgment sustaining in part the plaintiff's objection to the defendant's motion for modification of child support

on the ground that payments for child support were subject to the nonmodification clauses of paragraph 3.2.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion BORDEN, J., concurred.

ALVORD, J., concurring. I concur with the majority opinion and only write separately to highlight the possible tax consequences of this decision and to distinguish this case from *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 46 A.3d 112 (2012). In *Tomlinson*, our Supreme Court held that "[u]nder the particular circumstances of [that] case" an unallocated support order could be modified with regard to child support when a change in custody occurred during the minority of the children. Id., 542, 557. In the present case, the plaintiff, Charlotte Malpeso, and the defendant, Pasquale J. Malpeso, have an older son and two daughters who were both born on June 9, 1993. The plaintiff filed a motion for modification of his support payment to $0 on the basis that his daughters reached the age of eighteen on June 9, 2011. His daughters' eighteenth birthday was one year prior to the date that, under the terms of the separation agreement, he would have been able to seek to modify alimony and child support payments pursuant to General Statutes § 46b-84a.

The parties, with the assistance of counsel, had entered into a separation agreement, which was incorporated into their divorce decree. The agreement states in relevant part: "During the lifetime of the [defendant] and until the death, remarriage or cohabitation of the [plaintiff], whichever event shall first occur, the [defendant] shall pay to the [plaintiff] as alimony, or separate maintenance for the support of the minor children the sum of $20,000 per month." It later states: "The amount and term of alimony shall be modifiable only . . .

[a]fter July 1, 2012, upon a court of competent jurisdiction's determination that there has been a substantial change in circumstances as provided for in . . . § 46b-84a."[1]

The deductibility of unallocated alimony and support payments is governed by 26 U.S.C. § 215, which provides in relevant part: "[A]n individual . . . shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year. . . . [T]he term 'alimony or separate maintenance payment' means any alimony or separate maintenance payment (as defined in section 71 [b]) which is includable in the gross income of the recipient under section 71."[2] Child support, labeled as such, is not deductable to the payor; a tax deduction "shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children

---

[1] The agreement lists two circumstances that would allow for a modification of alimony before July 1, 2012, neither of which is alleged to have occurred.

[2] Section 71 (b) of title 26 of the United States Code provides in relevant part: "(1) . . . The term 'alimony or separate maintenance payment' means any payment in cash if—(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument, (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215, (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse. (2) . . . The term 'divorce or separation instrument' means—(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree, (B) a written separation agreement, or (C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse."

of the payor spouse." 26 U.S.C. § 71 (c) (1). Further, if the maintenance agreement reduces the payment amounts either "on the happening of any contingency specified within the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or . . . at a time which can clearly be associated with [such] a contingency . . . an amount equal to the amount of such reduction will be treated as an amount fixed as payable for the support of children of the payor spouse." 26 U.S.C. § 71 (c) (2).

Although *Tomlinson* permits the allocation of a contractually unallocated support order, its holding is limited to its facts, namely, a custody change during the minority of the children. The facts of the present case are inapposite. I concur that the child support pursuant to this agreement can be modified because the restriction on modification within the agreement refers only to alimony, but not because of the precedent created by *Tomlinson* about modifying nonmodifiable child support agreements in the event of a custody change.

Where *Tomlinson* is instructive to this set of facts, is in its directive that a trial court attempting to modify only the child support portion of an unallocated order "must determine what part of the *original* decree constituted modifiable child support and what part constituted nonmodifiable alimony." (Emphasis added.) *Tomlinson* v. *Tomlinson*, supra, 305 Conn. 558. Such a determination would alter the nature of the unallocated support order because it would allocate a fixed sum as child support and, therefore, risk removing that fixed sum from the preferential tax treatment of 26 U.S.C. § 71 (b). Likewise, if a modification is granted on the basis of a substantial change of circumstances pertaining to the happening of a contingency relating to a child—namely, the youngest child reaching the age of

majority—such a determination would seemingly implicate tax consequences under 26 U.S.C. § 71 (c) (2). Whether the potential tax consequences of a modification made under these circumstances would be retroactive to the date of the initial decree would, to my knowledge, present an issue of first impression for the taxing authority of this state.