BARBARA NAN REMPT *v.* HENRY F. REMPT
(3140)

BORDEN, SPALLONE and DALY, Js.

Argued April 12—decision released August 27, 1985

*Eugene C. Cushman,* for the appellant (plaintiff).

*Russel E. Vile,* for the appellee (defendant).

SPALLONE, J. This is an appeal by the plaintiff from a postjudgment order modifying an award of unallocated alimony and child support. The parties were divorced in July, 1983. Pursuant to the dissolution decree, which incorporated a written separation agreement, custody of the parties' two minor daughters, born on November 17, 1967, and February 1, 1969, was awarded to the plaintiff. The defendant was ordered to pay the plaintiff $400 per week in unallocated child support and alimony. That amount was to be paid for a period of eleven years, provided that upon the eighteenth birthday of each child, the amount would be

reduced by $75 per week. The decree also provided, in accordance with the separation agreement, that neither the term nor the amount of unallocated alimony and child support was subject to modification.

Following the dissolution, the plaintiff lived with the two children in the marital residence which, incident to the decree, had been placed in her name. In November, 1983, the older of the daughters moved out of the family home and moved in with neighbors. Upon learning of this, the defendant reduced his weekly payments to the plaintiff to $350 per week.

The defendant moved to modify the judgment by reducing the amount of child support which he was obligated to pay the plaintiff. On the basis of the wording of the original decree, which provided that the unallocated payments would be reduced by $75 per week when each child reached eighteen, he maintained that $75 of the unallocated award of $400 per week was intended as support for each child. Because one child no longer lived with the plaintiff, he argued that the award should be reduced by $75. The trial court granted the motion to modify and ordered that the award be reduced to $325 per week, retroactive to January 16, 1984. No evidence as to the child's needs was offered.

The issues raised in this appeal are, first, whether the the trial court was precluded by the language of the decree from modifying the award of child support and, second, whether the court erred in reducing that award solely because one of the minor children moved out of the custodial parent's home. We find error.

The first issue raised by the plaintiff was dispositively addressed in *Guille* v. *Guille,* 196 Conn. 260, 492 A.2d 175 (1985). In *Guille,* the Supreme Court stated that a minor child's right to parental support "has an independent character, separate and apart from the terms of the support obligations as set out in the judgment

of dissolution." Id., 263. It held that neither the language of General Statutes § 46b-86 (a)[1] nor the provision in a decree purporting to preclude modification was effective, in that case, to restrict permanently a later court's power to modify the terms of child support. Id., 265. The trial court in this case was not precluded by the language of the decree from modifying the award of child support.[2]

It is clear that an order for support of children may not be modified unless there has been a "substantial change of circumstances" after the issuance of the original order. General Statutes § 46b-86 (a); *Bozzi* v. *Bozzi,* 177 Conn. 232, 237, 413 A.2d 834 (1979). The party seeking modification must "clearly and definitely" demonstrate a substantial change in circumstances which was uncontemplated at the time the order was entered. *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982). In modifying child support orders, the court may consider all of the criteria enumerated in General Statutes § 46b-84; *Howat* v.

[1] General Statutes § 46b-86 provides: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law.

"(b) In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[2] We note that in this case, as in *Guille,* the minor children were not represented by counsel when the dissolution judgment was rendered. *Guille* v. *Guille,* 196 Conn. 260, 261–62, 492 A.2d 175 (1985).

*Howat,* 1 Conn. App. 400, 403–404, 472 A.2d 799 (1984); one of the most important of which is the needs of the child. *Brown* v. *Brown,* 190 Conn. 345, 349, 460 A.2d 1287 (1983).

In this case, the original order was for unallocated alimony and support. Part of the order, presumptively $75 per week per child, was for support and was consequently modifiable. Since the financial ability of the defendant to continue providing support in that amount was never in dispute, the court was required to consider only the child's needs. See General Statutes § 46b-84 (b); *Raymond* v. *Raymond,* 165 Conn. 735, 739, 345 A.2d 48 (1974). As we have noted, no evidence was presented to the court as to those needs. In the absence of such evidence, there could be no showing of a "substantial change of circumstances" to support the reduction of child support owed to the plaintiff under the original order.

An award for payment of support of the child whose custody has been awarded to a parent should properly be directed to that parent for the benefit of the child. 24 Am. Jur. 2d, Divorce and Separation § 1028. It is the right and obligation of the custodial parent to determine how and in what manner child maintenance funds should be spent. 27B C.J.S., Divorce § 321 (2), p. 639. By diverting these funds from the plaintiff, the court significantly reduced her ability to make those decisions. Evidence should have been taken to determine whether, and to what extent, the support portion of the order was to be modified and redirected from the plaintiff to the person actually providing the child with shelter and other necessities.

There is error, the judgment modifying the alimony and child support award is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurrred.