[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 26, 1996
This is an appeal from the decision of a Family Support Magistrate, denying the defendant's motion to strike the State of Connecticut's motion to modify the defendant's child support obligation. The parties, who were never married, are the parents of an eight-year-old child. On May 21, 1991 the court (Langenbach. J.) accepted their agreement that the defendant's CT Page 5191 child support obligation would be satisfied by his deposit of $27,500 into an irrevocable trust for the benefit of the child. The defendant complied with his obligation. Now comes the State, seeking to modify that order by placing upon the defendant an obligation to pay periodic child support according to his present ability, the child now being the recipient of public assistance.
The defendant's motion to strike raises several grounds, but the essence of it is his claim that his lump-sum support obligation is not modifiable by its very nature and because the court accepted it as part of the parties' agreement and made it an order of the court.
It is clear that parents in dissolution cases cannot contract away their children's rights to support. See Guille v. Guille,196 Conn. 260 (1985); Rempt v. Rempt, 5 Conn. App. 85 (1985). NO reason appears why parents in paternity cases should be able to do so. No language in section 46b-170, C.G.S., or any of the other statutes governing paternity proceedings compels or even suggests such a conclusion. There may well be constitutional obstacles to such a result.
Pursuant to section 46b-171, C.G.S., "any order" for child support entered in a paternity action, not just orders for periodic payments as in section 46b-86, C.G.S., may be modified upon a showing of a substantial change of circumstances. And, it is not necessary for a motion to modify to allege any more than facts that, if proven, would constitute a substantial change, as does the motion in this case. Berg v. Berg, 24 Conn. App. 509, 514
(1991).
For these reasons the court concludes that the Magistrate's denial of the defendant's motion to strike was correct, and that decision is affirmed.
SHORTALL, J.