[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff claims that the court lacks subject matter jurisdiction to modify the unallocated alimony order in this case. She claims that 46b-86 (a) precludes the Court from modifying an unallocated order for alimony and support where a separation agreement, incorporated in a dissolution decree, provided that the unallocated order, for a set term, was non-modifiable and had yet to expire. The Plaintiff cites CT Page 491Wichman v. Wichman, 247 Conn. 910 (1998), but the order inWichman was an order for alimony, not an unallocated order of alimony and support.
In Amodio v. Amodio, 247 Conn. 724, 727-730 (1999), the parties' dissolution decree unambiguously foreclosed modification of support unless the defendant earned more than $900 per week and his earnings had not done so. Our Supreme Court, citing the Restatement of Judgments, the Court determined that:
 "General Statutes § 46b-1 (c)[4] provides the Superior Court with plenary and general subject matter jurisdiction over legal disputes in "family relations matters," including alimony and support. General Statutes § 46b-86 (a)[5] provides the trial court with continuing jurisdiction to modify support orders. Together, therefore, these two statutes provided the trial court with subject matter jurisdiction over the modification claim in the present case." Id. at 730.
Since the court has jurisdiction over this subject matter, the court may consider the question of how to apply § 46b-86 (a) and whether a modification is warranted. The Plaintiff claims that no modification is permitted because the separation agreement contained a provision prohibiting modification of alimony. However, under our law the child support component of the unallocated alimony and child support payment is modifiable.Blazier v. Blazier, Superior Court, judicial district of Waterbury, Docket No. 0120166 (July 17, 1998, Vertefeuille, J.)
 "General Statutes § 46b-86 (a) permits the court to make any order for alimony or child support nonmodifiable. In Guille v. Guille, 196 Conn. 260 (1985), however, the Supreme Court held that the statute does not restrict the court's power to modify child support. The court rejected the contention that parents, by agreement and in reliance on General Statutes 46b-86 (a), can preclude modification of a child support order. Id., 265. Citing Guille, the Appellate Court held in Rempt v. Rempt, 5 Conn. App. 85, 89 (1985), that the child support portion of an unallocated award of alimony and child support can be modified despite a provision in the divorce decree that the unallocated order was not modifiable as to term or amount." Ibid.
The Defendant's Motion to Dismiss is denied. CT Page 492
HILLER, J.