******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# L. K. *v.* K. K.*
## (AC 47091)

Bright, C. J., and Suarez and Westbrook, Js.**

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dis-
solved, appealed from the judgment of the trial court denying her postdissolu-
tion motion for an order requiring the defendant to pay the balance of
attorney's fees awarded as part of the judgment of dissolution. The plaintiff
claimed, inter alia, that the court improperly denied her motion on the
ground that she had failed to ensure that a new, court-ordered fee affidavit
was provided to the court. *Held*:

The trial court neither misapplied the law nor abused its discretion in denying
the plaintiff's motion for order, as the plaintiff, who did not appeal from
the court's order to provide a new fee affidavit, had an obligation to comply
with the court's valid and unambiguous order requiring a new fee affidavit
in support of her motion for order.

Argued November 21, 2024—officially released March 18, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Stamford-Norwalk and tried to the court, *Tin-
dill, J.*; judgment dissolving the marriage and granting
certain other relief, from which the defendant appealed
to this court; thereafter, the court, *Colin, J.*, denied
the plaintiff's postjudgment motion for contempt and
ordered certain funds from the sale of the marital resi-
dence to be held in escrow; subsequently, the plaintiff
filed a motion for order regarding the funds in escrow;
thereafter, this court, *Sheldon, Elgo* and *Stevens, Js.*,

---

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as
amended by the Violence Against Women Act Reauthorization Act of 2022,
Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we endeavor, where possible,
not to identify any person protected or sought to be protected under a
protection order, protective order, or a restraining order that was issued or
applied for, or others through whom that party's identity may be ascertained.

** The listing of judges reflects their seniority status on this court as of
the date of oral argument.

reversed in part the judgment of the trial court and ordered further proceedings; subsequently, the court, *Heller*, *J.*, denied the motion to intervene filed by the Law Offices of Attorney Gary I. Cohen, P.C., and ordered, inter alia, an updated affidavit of attorney's fees; thereafter, the court, *Kowalski*, *J.*, denied the plaintiff's motion for order, and the plaintiff appealed to this court. *Affirmed*.

*Yakov Pyetranker*, for the appellant (plaintiff).

*K. K.*, self-represented, the appellee (defendant).

*Opinion*

WESTBROOK, J. In this marital dissolution action, the plaintiff, L. K., appeals from the trial court's denial of her postjudgment motion for an order requiring the defendant, K. K., to pay the balance of attorney's fees awarded as a part of the judgment of dissolution. The plaintiff claims that the court improperly denied her motion for order on the ground that the plaintiff had failed to provide the court with a new, court-ordered fee affidavit. The plaintiff argues that the fee affidavit was unnecessary, waived by the defendant, and impossible to obtain or recreate. We disagree and affirm the judgment of the court.[1]

---

[1] The plaintiff raises additional claims challenging the court's other bases for denying the motion for order, namely, that the court misinterpreted and/ or misapplied our Supreme Court's holding in *Shirley P.* v. *Norman P.*, 329 Conn. 648, 650, 189 A.3d 89 (2018), and incorrectly determined that the defendant was entitled to retain any remaining balance of the attorney's fee award pursuant to a settlement agreement that the parties reached on remand following this court's partial reversal of the dissolution judgment. See *Keusch* v. *Keusch*, 184 Conn. App. 822, 833, 195 A.3d 1136 (2018). As the plaintiff's counsel conceded at oral argument before this court, however, we may affirm the judgment on appeal if we agree with any one of the trial court's stated grounds for denying the motion for order. Accordingly, because we agree with the trial court regarding the plaintiff's failure to provide the fee affidavit, we do not reach these additional claims.

The record reveals the following relevant facts and procedural history. The parties were married on July 19, 1997, and have three children born of the marriage. In 2014, the plaintiff commenced an action for dissolution of the parties' marriage. The plaintiff sought, inter alia, custody of the children and temporary and permanent alimony and child support. On June 21, 2016, the court, *Tindill, J.*, dissolved the parties' marriage. In addition to ordering the defendant to pay unallocated alimony and support to the plaintiff,[2] the court issued a variety of other financial orders and resolved a number of outstanding motions. As part of its equitable distribution of property, the court ordered the defendant to transfer title to the marital home to the plaintiff. The court also ordered the defendant to pay certain attorney's fees that the plaintiff owed for services provided by her then counsel, Attorney Gary I. Cohen. On June 24, 2016, the plaintiff filed a motion asking the court to prospectively terminate any appellate stay with respect to the transfer of the marital home and the attorney's fees award. Following a contested hearing, the court granted the motion.[3] The defendant subsequently appealed from the dissolution judgment, claiming that the court improperly computed his presumptive minimum child support obligation and abused its discretion by ordering him to pay nonmodifiable unallocated

[2] Specifically, "the court ordered, inter alia, that the defendant pay unallocated alimony and support to the plaintiff in the amount of $12,500 per month until the death of either party, the [p]laintiff's remarriage, or November 3, 2025, whichever shall occur first. The duration and the amount to be paid were nonmodifiable by either party. The court indicated that it was deviating from the child support guidelines' . . . presumptive support amount of $752 per week based on the extraordinary disparity in income and the provision of alimony." (Footnote omitted; internal quotation marks omitted.) *Keusch* v. *Keusch*, 184 Conn. App. 822, 824–25, 195 A.3d 1136 (2018).

[3] The defendant filed a motion with this court seeking review of the trial court's termination of the automatic appellate stay with respect to the June 21, 2016 financial orders. This court granted review, but denied the relief requested therein.

alimony and support. See *Keusch* v. *Keusch*, 184 Conn. App. 822, 823–24, 195 A.3d 1136 (2018).

On February 2, 2017, the plaintiff filed a motion for contempt with the trial court arguing that the defendant had failed to comply with the court's attorney's fees orders. The court, *Colin, J.*, conducted an evidentiary hearing on the motion for contempt and other outstanding motions. On October 12, 2017, the court issued a ruling in which it declined to hold the defendant in contempt because it concluded that his failure to pay was not wilful but, rather, was due to his inability to pay. The court ordered in relevant part that "[t]he fees previously awarded by the dissolution trial court in the amount of $142,341.75 shall constitute a money judgment in that amount and shall be paid without interest to the plaintiff's counsel at the closing on the sale of the parties' [marital] home." On November 6, 2017, in response to a motion for reargument regarding the court's October 12, 2017 ruling, the court ordered $200,000 from the sale of the home be set aside in escrow.

On May 7, 2018, while the appeal from the judgment of dissolution remained pending, the plaintiff filed the motion for order that is the subject of the present appeal. She stated in her motion that the $200,000 in funds from the sale of the marital home remained in escrow and that the defendant had filed nothing with the court seeking to recover any portion of those funds. She also stated in relevant part that "[t]he plaintiff's counsel is entitled to $87,452.33 from any portion recoverable by the defendant, counsel having received a $54,889.42 disbursement at closing on the $142,341.75 in attorney's fees."

On September 18, 2018, this court released its opinion with respect to the defendant's appeal from the dissolution judgment. See *Keusch* v. *Keusch*, supra, 184 Conn.

App. 822. We reversed the court's financial orders and remanded the case to the trial court for further proceedings but otherwise affirmed the judgment of the court. Id., 824, 833.

On January 14, 2019, Attorney Cohen, on behalf of the Law Offices of Attorney Gary I. Cohen, P.C., filed a motion to intervene in the dissolution action. He argued that Judge Colin's October 12, 2017 order had converted the various attorney's fees awarded as part of the dissolution judgment into a separate money judgment that made the firm a judgment creditor with priority over the defendant with respect to a portion of the funds currently held in escrow. Attorney Cohen argued that this court's reversal in part of the dissolution judgment had no bearing on the October 12, 2017 order, which Attorney Cohen argued was a separate judgment from which the defendant had failed to appeal.

The parties subsequently entered into an agreement to forgo a remand hearing and to resolve all outstanding matters (remand agreement). The remand agreement "reincorporated" many of the financial orders from the original dissolution judgment and provided that all other orders not expressly incorporated "shall remain null and void." Part of the remand agreement addressed the issue of the outstanding attorney's fees, providing in relevant part: "Attorney Cohen's claimed fees of $87,452.33 will continue to be held in escrow until resolution by the court or settlement. If Attorney Cohen's claim for said fees fails, the husband shall retain these funds." Pursuant to the agreement, 60 percent of any remaining funds in the escrow account would go to the plaintiff, with the remaining 40 percent placed in a college fund for two of the children. The court, *Heller, J.*, conducted hearings on the remand agreement on May 2 and 10, 2019. During the hearing, the court stated that she was intending to deny the pending motion to intervene but wanted "to confirm where everybody

believes the issue of the [attorney's] fees stands . . . ." The parties agreed that the remand agreement left unresolved the attorney's fees issue because the parties disagreed regarding the continued enforceability of the October 12, 2017 order, including to what extent that order established the amount of attorney's fees owed by the defendant.[4] After canvassing both parties, the court approved the remand agreement and made it an order of the court.

On June 3, 2019, the court issued a memorandum of decision denying the motion to intervene. In addition to concluding that Attorney Cohen was not entitled to intervene either as of right or permissively, the court also addressed the outstanding attorney's fees issue. The court stated: "Although Attorney Cohen is not entitled to intervene in these [postjudgment] proceedings, he nonetheless has an important role to play in the disposition of the funds remaining in escrow from the sale of the [marital home]. Pursuant to the October, 2017 order, those funds were to be paid to Attorney Cohen at the closing of the sale of the [marital home]. As [Judge Colin] noted, no automatic stay was in effect that impacted the attorney's fees orders at issue. The time for payment had passed, and the defendant had not complied with the court's orders. The defendant had no reasonable basis for refusing to authorize the release of the entire amount to Attorney Cohen when the [marital home] was sold on January 5, 2018.

"After the Appellate Court reversed and remanded the case on September 18, 2018, for reconsideration of

---

[4] The court informed the parties that it intended to resolve in its forthcoming ruling on the motion to intervene not only the issue of intervention but also the validity and the enforceability of Judge Colin's postjudgment orders. The court stated: "I don't think the intervention issue is necessarily dispositive . . . because I think the other issue is what, if anything, of Judge Colin's [October 12, 2017] order survives. . . . And then of course there is the underlying claim in any event."

all financial orders, there was no court order requiring the defendant to pay the fees of the plaintiff's attorney and her expert. However, those fees should have been paid more than eight months earlier, and the funds earmarked to pay them still remain in escrow. The parties in the May, 2019 remand agreement acknowledged this quandary and reserved the issue for the court to decide." The court accordingly ordered "that all counsel, including Attorney Cohen, shall contact family caseflow to schedule a hearing on the plaintiff's claim for payment of her outstanding attorney's fees and expert fees from the funds held in escrow. Attorney Cohen shall prepare an updated affidavit of attorney's fees in advance of the hearing."

The defendant filed a motion to reargue and for reconsideration of the court's June 3, 2019 order.[5] The defendant asked the court to vacate its order requiring the scheduling of a hearing regarding the plaintiff's claim for attorney's fees and to enter a new order releasing all remaining escrow funds to the defendant. The defendant simultaneously filed a motion for clarification and articulation of the court's June 3, 2019 order, asking the court to clarify what it envisioned a new hearing on attorney's fees would entail. Among the requests for articulation, the defendant asked the court to explain the purpose for requiring Attorney Cohen to provide a new affidavit of fees, "even though Judge Colin's order identified a specific amount of fees owed to Attorney Cohen with no interest." The court denied both of the defendant's motions on November 12, 2019.

On March 13, 2020, the plaintiff reclaimed her motion for order seeking a release of the escrow funds that she claimed were owed by the defendant for attorney's fees. Disruptions in proceedings in family matters

---

[5] The defendant also filed an appeal from the court's order, which this court dismissed for lack of a final judgment.

caused by the COVID-19 pandemic resulted in a lengthy delay of the matter, which was ultimately scheduled for a hearing before the court, *Kowalski, J.*[6] The court heard argument on multiple days and conducted an evidentiary hearing, following which, on October 25, 2023, it issued a memorandum of decision denying the plaintiff's motion for order.

The court provided three reasons for denying the plaintiff's motion. It first observed that the plaintiff's arguments for release of the escrow funds were founded primarily on Judge Colin's October 12, 2017 orders. It then cited our Supreme Court's decision in *Shirley P.* v. *Norman P.*, 329 Conn. 648, 655–56, 189 A.3d 89 (2018), for the proposition that, "[w]hen a judgment loses preclusive effect because it is reversed, the great weight of authority holds that the court in a later action in which the first judgment was given preclusive effect should then normally set aside the later judgment." (Internal quotation marks omitted.) The court reasoned that Judge Colin's orders had been "issued to effectuate financial orders contained in the dissolution judgment" and that "the Appellate Court's reversal of all financial orders in the dissolution judgment rendered [Judge Colin's] order null and void."

Second, the court concluded that the parties' remand agreement, by its clear and unambiguous terms, did not expressly require the defendant to pay any portion of the plaintiff's counsel fees. Rather, the court noted, the remand agreement provided in relevant part that, if Attorney Cohen's claim for attorney's fees failed, the defendant "shall retain [the escrow] funds." The court reasoned that Judge Heller's denial of Attorney Cohen's motion to intervene in the present action constituted

---

[6] Also before the court were the plaintiff's motion for an award of statutory interest on any outstanding attorney's fees as well as the defendant's objections to the plaintiff's motions.

"a failure of Attorney Cohen's claim for counsel fees and, by the plain language of the remand agreement, entitles the defendant to retain the $200,000 in escrowed funds."

Finally, the court concluded in the alternative that "any claim for an award of counsel fees by the plaintiff asserted in [the motion for order] is also denied because the plaintiff has not produced or introduced into evidence an updated affidavit of attorney's fees from Attorney Cohen as required by [Judge Heller's June 3, 2019 decision on the motion to intervene]." This appeal followed.

The plaintiff claims on appeal that the court improperly denied her motion for order on the ground that she failed to provide the court with a fee affidavit because, according to the plaintiff, a new fee affidavit was unnecessary, the defendant had waived the requirement, and it would have been impossible to obtain or recreate a fee affidavit. We disagree.

We begin with the relevant standard of review and other applicable legal principles. "[T]he standard of review in family matters is well settled. [Generally] [a]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review." (Internal quotation marks omitted.) *Tannenbaum* v. *Tannenbaum*, 208

Conn. App. 16, 24, 263 A.3d 998 (2021). To the extent we are called on to construe an order or judgment of the court, however, this presents "a question of law over which our review is plenary. . . . As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or a] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Id., 24–25.

"The weight of authority indicates that more than the trial court's mere general knowledge is required for an award of attorney's fees." *Smith* v. *Snyder*, 267 Conn. 456, 472, 839 A.2d 589 (2004). "[T]o support an award of attorney's fees, there must be a clearly stated and described factual predicate for the fees sought, apart from the trial court's general knowledge of what constitutes a reasonable fee. Although we have been careful not to limit the contours of what particular factual showing may suffice, our case law demonstrates that a threshold evidentiary showing is a prerequisite to an award of attorney's fees." Id., 477.

Having reviewed the transcripts of the proceedings before Judge Heller, in which she thoroughly canvassed the parties regarding the scope of their remand agreement, it is clear that the court determined that the parties remained in disagreement about the continued vitality and effect of Judge Colin's order converting to a money judgment the various attorney's fee awards set forth in the dissolution judgment and that a proper resolution of the parties' dispute regarding attorney's fees would require conducting a new attorney's fees

hearing. After all, the dissolution judge had terminated the appellate stay with respect to its orders requiring the defendant to pay a portion of the plaintiff's attorney's fees, meaning those orders were subject to execution during the pendency of the appeal. Accordingly, the plaintiff believed that she remained entitled to some award of attorney's fees even in the face of this court's reversal of all financial orders.

It is reasonable to infer from Judge Heller's order that she believed that the parties' inability to reach an agreement on the issue of attorney's fees would require relitigation of that issue. To that end, Judge Heller ordered Attorney Cohen to provide a new fee affidavit to aid the court, if necessary, in making new findings regarding what constitutes a reasonable fee. At oral argument before this court, although the plaintiff's counsel argued that Judge Heller's order was "clearly a mistake," counsel admitted that Judge Heller's intent was to have a new hearing regarding attorney's fees and that it was well within her authority to do so and to order a new fee affidavit. Counsel further conceded that the plaintiff was not appealing from Judge Heller's order in the present appeal and, thus, the propriety of Judge Heller's order was not properly before us. Therefore, contrary to the plaintiff's assertion that a new fee affidavit was unnecessary, the plaintiff had an obligation to comply with the court's valid and unambiguous order requiring a new fee affidavit in support of her motion for order.

The plaintiff argues that it was "impossible" to provide a new fee affidavit because her current counsel no longer is associated with Attorney Cohen's law firm. Nonetheless, the plaintiff's counsel admits that the records needed to prepare a fee affidavit exist and, when asked at oral argument before this court whether he could have sought the required affidavit from Attor-

ney Cohen or subpoenaed the records necessary to comply, counsel agreed that he could have done so.

Moreover, we find unpersuasive the plaintiff's argument that the defendant somehow "waived" the requirement of a new fee affidavit by seeking articulation of Judge Heller's order, in which he stated that "Judge Colin's order identified a specific amount of fees owed to Attorney Cohen." Simply put, the defendant had no authority to "waive" an order of the court. We cannot conclude on the basis of the record provided that Judge Kowalski either misconstrued Judge Heller's orders or that the court misapplied the law or abused its discretion when it declined to grant the plaintiff's motion for order on the ground that the plaintiff failed to ensure that a new fee affidavit was provided.

The judgment is affirmed.

In this opinion the other judges concurred.